**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

| | |
|---|---|
| MICHAEL B. DANIELS ) | |
| ADC # 135334 ) | |
|     Petitioner, ) | **Case No. 5:13-CV-00367 KGB-JTK** |
| v. ) | |
| ) | |
| RAY HOBBS, Director, Arkansas ) | |
| Department of Correction ) | |
|     Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Michael B. Daniels. (Doc. No. 1).  After reviewing the parties' briefing and the available evidence, the Court finds that Petitioner's claims should be DISMISSED.

## Background

On February 15, 2007, the death penalty was imposed upon Petitioner as a result of his convictions for aggravated robbery and capital murder.  He subsequently appealed that decision, arguing that the trial erred when it denied his motion for directed verdict on both counts.  On May 29, 2008, the Arkansas Supreme Court reversed his conviction for aggravated robbery and his death sentence, but upheld his conviction for capital murder. *Daniels v. State*, 373 Ark. 536, 543, 285 S.W.3d 205, 210 (2008).  On July 9, 2008, Petitioner was resentenced, and he received life imprisonment without parole.  He did not seek any appellate or postconviction review.

**Discussion**

Petitioner argues that he is entitled to relief pursuant to 28 U.S.C. § 2254 because he received ineffective assistance of counsel at trial and upon postconviction review. However, his claims cannot succeed because they are time barred, procedurally defaulted, and without merit.

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The parties do not dispute that the statute of limitations had expired at least four years before Petitioner filed his federal habeas petition, but Petitioner argues his lateness should be excused because he did not have postconviction counsel.

Petitioner argues that the Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), excuses the untimeliness of his petition. However, there is nothing in *Martinez* or the subsequent decision in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), that indicates the Supreme Court intended the statute of limitations to be affected. If state law or procedure prevented state prisoners from being able to bring their ineffective assistance of counsel claims during direct review *and* they were prevented from properly bringing those claims on state postconviction review due to ineffective assistance, then *Martinez* gave those prisoners a doorway to have federal courts entertain the otherwise procedurally defaulted ineffective assistance of trial counsel claims. Whether a claim is procedurally defaulted, which concerns whether a prisoner fairly presented his claim for one full round of review at the state level, is a completely distinct question from whether it is barred by the AEDPA's statute of limitations, which concerns whether a prisoner brought his federal habeas petition within one year of the conclusion of his

state proceedings. There is also no reason to believe that *Martinez* would trigger the provisions of 28 U.S.C. § 2244(d)(1)(C). Thus, his claims are time barred.

Petitioner's claims are also procedurally defaulted. A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1986)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

Petitioner's claims are also procedurally defaulted because he failed to present any of them to the state courts. Even if it is assumed that Petitioner's lack of postconviction counsel established cause for the default of his ineffective assistance claim under *Martinez* and *Trevino*, Petitioner has failed to establish the requisite prejudice. Petitioner merely concludes that counsel was ineffective, but he fails to describe anything that counsel could have done differently (other than achieve a more favorable result). As noted by Respondent, notice pleading is insufficient in

habeas cases, so Petitioner has failed to state a claim with any merit or establish sufficient prejudice to excuse his default.

### Conclusion

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

SO ORDERED this 28th day of August, 2014.

_____
United States Magistrate Judge